**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FAUSTINO IZAGUIRRE** | | |
| **GONZALEZ, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-05-325** |
| | § | |
| **PENN OCTANE CORP., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION & ORDER**

BE IT REMEMBERED that on February 15, 2006, the Court **DENIED** Plaintiffs'
Motion to Remand.  Dkt. No. 7.

**I.      Background**

On November 14, 2005, Faustino Izaguirre Gonzalez and Alejandra De Leon
Perez, individually and as parents of Victor Izaguirre De Leon and Angel Izaguirre De
Leon; Martha Elena Cerda Carrera, individually and as mother of Maria Luisa Alegria
Cerda; Tomasa Alegria Cerda; Juan Antonio Ruiz Hernandez and Patricia Maldonado
Cortez; Sergio Chavez Gonzalez and Nancy Fabiola Urbina Alfaro, individually and as
next friend of Hector Martin Chavez Urbina and Josefina Chavez Urbina; Asael Garcia
Longoria and Rosa Cerda, individually and as next friend of Dulce Rocio Cerda;
Francisco Daniel Diaz Estrado; and Edmundo Urbina-Solis and Alma Leticia Montiel,
individually and as next friend of Eduardo Urbina Montiel, Raymundo Urbina Montiel,
Jorge Daniel Urbina Montiel and Sulema Jasmin Urbina Montiel ("Plaintiffs"), who are all
citizens of Mexico, filed a complaint in state court against Penn Octane Corporation,
Penn Octane International, L.L.C., Rio Vista Energy Partners LP, and Rio Vista
Operating GP LLC ("Defendants").  Dkt. No. 3, Ex. A, at 1.  Penn Octane Corporation is
a Delaware Corporation whose principal place of business is not in Texas.  *Id.*; Dkt. No.

3, at 2.  The citizenship of the remaining three Defendants is not altogether clear, although it appears that all three of them are citizens of Texas.[1]  Dkt. No. 3, at 2–4; Dkt. No. 3, Ex. A, at 2.

The Plaintiffs brought numerous allegations against the Defendants, all of which were based on negligence and/or gross negligence.[2]  Dkt. No. 3, Ex. A, at 3–4.  These allegations arose out of a collision between a propane tanker truck and a train.  *Id.* at 2–3.  This collision occurred in Lucio Blanco, Mexico.  *Id.* at 3.  The Plaintiffs aver that their injuries resulted from this collision.  *Id.*  Plaintiffs further allege that the collision resulted from the negligence of the Defendants and/or their agents, employees, and servants.  *Id.*

Defendants filed a Notice of Removal on December 28, 2005, relying on diversity of citizenship to provide subject matter jurisdiction.  Dkt. No. 1.  Defendants also filed a First Amended Notice of Removal on December 28, 2005, also providing diversity of

---

[1]Rio Vista Energy Partners LP is a Delaware Limited Partnership and Rio Vista Operating GP LLC is a Delaware Limited Liability Company.  Dkt. No. 3, at 3, 4.  It appears, however, that both of them maintain their principal place of business in Texas.  *Id.*

Penn Octane International, L.L.C. "has its principal place of business in Brownsville, Cameron County, Texas."  Dkt. No. 3, Ex. A, at 2.  Thus, although its place of incorporation was not provided to the Court, it is clear that it is a citizen of Texas.

[2]Plaintiffs claim that the Defendants, "through their agents, servants or Employees [sic]," "failed to exercise ordinary care" by:

a.   Fail[ing] to adequately train their employees;
b.   Fail[ing] to adequately supervise said employees;
c.   Fail[ing] to adequately warn;
d.   Fail[ing] to keep a proper lookout;
e.   Attempt[ing] to cross the railroad tracks when a reasonably prudent driver/operator would not have done so under the same or similar circumstances;
f.   Fail[ing] to stop the tractor-trailer when the train was in close proximity to the crossing; and
g.   Fail[ing] to yield the right of way to the train.

Dkt. No. 3, Ex. A, at 3–4.

citizenship as the basis for subject matter jurisdiction.  Dkt. No. 3.  Plaintiffs submitted the Motion to Remand currently under consideration on January 16, 2006, and Defendants responded to Plaintiffs' motion on February 2, 2006.  Dkt. Nos. 7, 8.

## II.     Standard for Motion to Remand

Jurisdiction for removing an action originally brought in state court to federal court is authorized by 28 U.S.C. § 1441.  This section permits a defendant to remove a civil case "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441 (2005).  The burden of showing that federal jurisdiction exists is on the party seeking removal.  *See* Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).

Federal subject-matter jurisdiction is asserted in this case under 28 U.S.C. § 1332 — diversity jurisdiction.  Dkt. No. 3, at 4.  For diversity jurisdiction to exist, the case must involve citizens of different states and a matter which exceeds $75,000 in value, exclusive of interest and costs.  28 U.S.C. § 1332.  For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it maintains its principal place of business.  *Id.* at § 1332(c)(1).  This diversity of citizenship must be complete — meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  *See* Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)).

Defendants, as the removing parties, bear the burden of establishing that federal subject matter jurisdiction exists.

## III.    Analysis

Defendants removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  Defendants must therefore establish that federal subject matter jurisdiction exists by showing that (1) the amount in controversy is at least $75,000; (2) complete diversity exists between the parties; and (3) they have satisfied all of the procedures for removal.  *See* 28 U.S.C. §§ 1332, 1446.

The Court finds that the first and third elements required for removal are not subject to dispute.  The first element clearly exists in this case, as Plaintiffs' claims are for numerous deaths and serious injuries.  Dkt. No. 3, Ex. A, at 4–8.  The Court also

finds that the Defendants complied with all of the necessary procedures for removal. Dkt. No. 3, at 1.  Therefore, the Court will consider only the second element: the requirement of complete diversity.

To establish complete diversity, Defendants must show that the citizenship of each Defendant is diverse from the citizenship of each Plaintiff.  *See Whalen*, 954 F.2d at 1094.  Furthermore, no Defendant may be a resident of the forum state — in this case Texas — for removal to federal court to be proper.  28 U.S.C. § 1441(b).

In this case, three of the four Defendants are citizens of Texas: Penn Octane International, L.L.C., Rio Vista Energy Partners LP, and Rio Vista Operating GP LLC ("In-State Defendants").  Dkt. No. 3, at 2–4; Dkt. No. 3, Ex. A, at 2.  Only Penn Octane Corporation ("Penn Corp.") is *not* a citizen of Texas.  Dkt. No. 3, at 2.  Because no Defendant may be a citizen of the forum State, the presence of the In-State Defendants in this action destroys removal jurisdiction based on diversity.  Recognizing this defect, Penn Corp. contends that the In-State Defendants were improperly joined.  Dkt. No. 3, at 2–4.  Penn Corp. therefore contends that the citizenship of these In-State Defendants, all of whom are citizens of Texas, should not be considered in determining whether removal jurisdiction exists.  *Id.*  If the In-State Defendants were improperly joined, their citizenship is irrelevant and subject matter jurisdiction exists in this case.

There are two methods to establish improper joinder:[3] "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *See* Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (quotation omitted); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  In this case, Penn Corp. does not dispute that the In-State Defendants are citizens of Texas.  Therefore, the Court will only consider the second test.

Although a number of different standards have been articulated for determining whether a defendant has been improperly joined under the second test, the Fifth Circuit

---

[3]Although there is no substantive difference, the Fifth Circuit has recently adopted the term "improper joinder" instead of "fraudulent joinder."  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004).

has adopted this phrasing:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573.  To survive the improper joinder test, a possibility of recovery must be reasonable and not merely theoretical.  *Id.* at 573 n.9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000)); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (same).  To predict whether a possibility of recovery exists, the court must determine if the petition states a claim under state law against the in-state defendant, by conducting "a Rule 12(b)(6)-type analysis."  *Smallwood*, 385 F.3d at 573.  If the petition survives this challenge, then ordinarily the joinder is proper.[4]  *Id.*  It is a heavy burden that the removing party carries when attempting to prove improper joinder.  *See id.* at 574; *Great Plains Trust Co.*, 313 F.3d at 312.

In this case, Plaintiffs assert only general allegations against all of the Defendants, based on alleged conduct (or omissions) committed by the Defendants' employees and/or agents.  Dkt. No. 3, Ex. A, at 3.  Therefore, the Court must consider all of the Plaintiffs' claims insofar as they may or may not apply to the In-State Defendants.  Moreover, this means that to show that joinder of the In-State Defendants was improper, Penn Corp. must prove that the Plaintiffs have not stated a cause of action which could possibly form a basis for relief against the In-State Defendants.

The Court finds that Penn Corp. has successfully shown that there is no possibility that the Plaintiffs can recover against the In-State Defendants under any of their asserted causes of action.  The Plaintiffs in this case assert claims for negligence and gross negligence based on the collision between a truck and a train.  *Id.* at 2–4.

---

[4]A court may also enter into a summary inquiry by "pierc[ing] the pleadings." *Smallwood*, 385 F.3d at 573–74.  Because the Court finds that the In-State Defendants were improperly joined based on a Rule 12(b)(6)-type analysis, the Court finds it unnecessary to engage in a summary inquiry.

Thus, for any of the Defendants to be liable for the injuries which resulted from this collision, that Defendant would have to (1) own the train or the truck or (2) be responsible for the actions of someone operating the train or the truck.  *See* St. Joseph Hosp. V. Wolff, 94 S.W.3d 513, 541–42 (Tex. 2002); Peek v. Equip. Servs., Inc., 906 S.W.2d 529, 534 (Tex. App.—San Antonio 1995); *see also* 57B Am.Jur.2d Negligence §§ 1103, 1106, 1111–12; 30 C.J.S. Employer §§ 181, 186–89, 204; 65 C.J.S. Negligence § 152.  None of these possible bases upon which to impose liability exists as far as the In-State Defendants are concerned.

Penn Corp. has submitted an affidavit of its President, Charles Handly, in which Mr. Handly states that none of the In-State Defendants owned or operated the train or the truck. Dkt. No. 3, Ex. G, at 1.  The affidavit also establishes that the In-State Defendants did not control or employ the persons who were operating the train or the truck.  *Id.* at 1–2.  Plaintiffs have offered no evidence to show that the train or the truck were under the control of an employee or agent of any of the In-State Defendants or that the train or the truck were owned by any of the In-State Defendants.  Therefore, the Court finds that Penn Corp. has established that there is no possibility that the Plaintiffs will recover against any of the In-State Defendants.

Plaintiffs, in their Motion to Remand, rely heavily on the fact that Penn Corp. has the burden of showing that Plaintiffs have no possibility of recovering against the In-State Defendants.  Dkt. No. 7.  Although Plaintiffs are correct, the Court has found that Defendant has met this burden.  *See supra*.  Therefore, Plaintiffs must come forward with evidence that there *is* a possibility of recovery, because the Defendants have made a prima facie case of showing that there is *not* a possibility of recovery.  Plaintiffs, however, fail to provide any factual allegations to establish a possibility of recovery against any of the In-State Defendants.

Plaintiffs also rely on the lack of discovery conducted at this stage in this case. Dkt. No. 7, at 7–8.  Plaintiffs mistakenly believe that they must be "afforded [an] opportunity to conduct discovery or otherwise develop their claims against the Defendants, including the resident Defendants."  *Id.* at 7.  However, if this were true, then no case involving improper joinder could ever be removed.  A defendant must

remove a case within 30 days.  28 U.S.C. § 1446(b).  Little, if any, discovery will be conducted during this period.  Therefore, if the Plaintiffs must be afforded an opportunity to conduct discovery merely on the basis of including numerous Defendants in broad allegations, Defendants would never be able to remove a case to federal court, because discovery would not be "sufficient" before the expiration of the removal period.  Thus, the Court finds that Plaintiffs' argument is groundless.

Finally, the Court notes that the Plaintiffs' argument that their lack of evidence is insufficient to establish fraudulent joinder is based on a misreading and mischaracterization of two Fifth Circuit cases.  Plaintiffs rely on language in *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003), and *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329 (5th Cir. 2004), as support for their contention that they need not have any evidence that the In-State Defendants may be liable for Plaintiffs' alleged injuries.  Dkt. No. 7, at 7–8.  However, Plaintiffs apparently overlook the statement in both cases that "the defendant must put forward evidence that would negate a possibility of liability on the part of [the in-state defendant]."  McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 333–34 (5th Cir. 2004) (quoting Travis v. Irby, 326 F.3d 644, 650 (5th Cir. 2003)); *Travis*, 326 F.3d at 650.  This statement provides a pre-condition to the statements referred to by the Plaintiffs, in that no evidence of an in-state defendant's liability is necessary, *if* the defendant has *not* produced evidence negating the possibility of that in-state defendant's liability.

In this case, Penn Corp. has produced evidence that the In-State Defendants are not liable to the Plaintiffs.  *See* Dkt. No. 3, Ex. G.  Therefore, the statements relied upon by the Plaintiffs are not applicable, and Plaintiffs had the burden of showing that they have a claim with a possibility of recovery against the In-State Defendants.  This the Plaintiffs failed to do.  Thus, the Court finds that Plaintiffs' Motion to Remand must be denied, and the In-State Defendants must be dismissed.

## IV.   Venue

Because the Court finds it appropriate to dismiss the In-State Defendants from this action, the Court also finds it necessary to consider whether venue is appropriate in this Court, which resides in the Southern District of Texas.  Therefore, the Court orders

the parties to brief the Court on the issue of whether or not venue is proper in this Court under 28 U.S.C. § 1391(a), (c).

## V.     Conclusion

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand.  Dkt. No. 7.  Furthermore, the Court **DISMISSES** all claims against Defendants Penn Octane International, L.L.C., Rio Vista Energy Partners LP, and Rio Vista Operating GP LLC. Finally, the Court **ORDERS** the parties to submit briefs to the Court by 5:00 p.m. on Friday, February 24, 2006, on the issue of whether or not venue exists in this Court under 28 U.S.C. § 1391(a), (c).

DONE at Brownsville, Texas, this 15th day of February, 2006.

_____

Hilda G. Tagle
United States District Judge