IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FAUSTINO IZAGUIRRE GONZALEZ, ET AL., | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. B-05-325 |
| PENN OCTANE CORP., ET AL., | | |
| Defendants. | | |

**OPINION & ORDER**

BE IT REMEMBERED that on May 2, 2006, the Court **GRANTED** Plaintiffs' Motion for Rehearing on Plaintiffs' Motion to Remand. Dkt. No. 10. The Court therefore also re-considered and **GRANTED** Plaintiffs' Motion to Remand. Dkt. No. 7.

**I.   Background**

On November 14, 2005, Faustino Izaguirre Gonzalez and Alejandra De Leon Perez, individually and as parents of Victor Izaguirre De Leon and Angel Izaguirre De Leon; Martha Elena Cerda Carrera, individually and as mother of Maria Luisa Alegria Cerda; Tomasa Alegria Cerda; Juan Antonio Ruiz Hernandez and Patricia Maldonado Cortez; Sergio Chavez Gonzalez and Nancy Fabiola Urbina Alfaro, individually and as next friend of Hector Martin Chavez Urbina and Josefina Chavez Urbina; Asael Garcia Longoria and Rosa Cerda, individually and as next friend of Dulce Rocio Cerda; Francisco Daniel Diaz Estrado; and Edmundo Urbina-Solis and Alma Leticia Montiel, individually and as next friend of Eduardo Urbina Montiel, Raymundo Urbina Montiel, Jorge Daniel Urbina Montiel and Sulema Jasmin Urbina Montiel ("Plaintiffs"), who are all citizens of Mexico, filed a complaint in state court against Penn Octane Corporation, Penn Octane International, L.L.C., Rio Vista Energy Partners LP, and Rio Vista Operating GP LLC ("Defendants"). Dkt. No. 3, Ex. A, at 1. Penn Octane Corporation is

a Delaware Corporation whose principal place of business is not in Texas.  *Id.*; Dkt. No. 3, at 2.  The citizenship of the remaining three Defendants is not altogether clear, although it appears that all three of them are citizens of Texas.[1]  Dkt. No. 3, at 2–4; Dkt. No. 3, Ex. A, at 2.

In their original petition, the Plaintiffs brought numerous allegations against the Defendants, all of which were based on negligence and/or gross negligence.[2]  Dkt. No. 3, Ex. A, at 3–4.  These allegations arose out of a collision between a propane tanker truck and a train.  *Id.* at 2–3.  This collision occurred in Lucio Blanco, Mexico.  *Id.* at 3.  The Plaintiffs averred that their injuries resulted from this collision.  *Id.*  Plaintiffs further alleged that the collision resulted from the negligence of the Defendants and/or their agents, employees, and servants.  *Id.*

Defendants removed the case to this Court on December 28, 2005, relying on diversity of citizenship to provide subject matter jurisdiction.  Dkt. Nos. 1, 3.  Plaintiffs

---

[1] Rio Vista Energy Partners LP is a Delaware Limited Partnership and Rio Vista Operating GP LLC is a Delaware Limited Liability Company.  Dkt. No. 3, at 3, 4.  It appears, however, that both of them maintain their principal place of business in Texas. *Id.*

Penn Octane International, L.L.C. "has its principal place of business in Brownsville, Cameron County, Texas."  Dkt. No. 3, Ex. A, at 2.  Thus, although its place of incorporation was not provided to the Court, it is clear that it is a citizen of Texas.

[2] Plaintiffs claim that the Defendants, "through their agents, servants or Employees [sic]," "failed to exercise ordinary care" by:

    a.    Fail[ing] to adequately train their employees;
    b.    Fail[ing] to adequately supervise said employees;
    c.    Fail[ing] to adequately warn;
    d.    Fail[ing] to keep a proper lookout;
    e.    Attempt[ing] to cross the railroad tracks when a reasonably prudent driver/operator would not have done so under the same or similar circumstances;
    f.    Fail[ing] to stop the tractor-trailer when the train was in close proximity to the crossing; and
    g.    Fail[ing] to yield the right of way to the train.

Dkt. No. 3, Ex. A, at 3–4.

moved for remand on January 16, 2006. Dkt. Nos. 7. On February 15, 2006, this Court found that Penn Octane International, L.L.C., Rio Vista Energy Partners LP, and Rio Vista Operating GP LLC ("In-State Defendants") were improperly joined, denied Plaintiffs' Motion to Remand, and dismissed the In-State Defendants. Dkt. No. 9. Currently before the Court is Plaintiffs' motion requesting re-hearing of their Motion to Remand. Dkt. No. 10.

## II.   Procedural Status

The first issue presented to the Court is whether to re-hear the Plaintiffs' Motion to Remand. Dkt. Nos. 7, 10. Plaintiffs offer no new evidence or factual information in support of their motion. *See* Dkt. No. 10. Instead, Plaintiffs' sole basis for their request that the Court re-hear their Motion to Remand is their inclusion of new allegations against the In-State Defendants. *See* Dkt. No. 10, Ex. B; Dkt. No. 19. Because Defendants do not object to or oppose Plaintiffs' request to re-hear the motion however,[3] the Court **GRANTS** Plaintiffs' Motion for Rehearing. Dkt. Nos. 10, 22.

The Court therefore **VACATES** its Opinion & Order of February 15, 2006. Dkt. No. 9. Thus, the In-State Defendants are reinstated as parties to this case.[4] The Court will now consider Plaintiffs' Motion to Remand in light of the new allegations by Plaintiffs against the In-State Defendants.

## III.   Standard for Motion to Remand

Jurisdiction for removing an action originally brought in state court to federal court is authorized by 28 U.S.C. § 1441. This section permits a defendant to remove a civil case "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2005). The burden of showing that federal jurisdiction exists is on the party seeking removal. *See* Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).

---

[3] Defendants' Reply to Plaintiffs' Motion for Rehearing on Plaintiffs' Motion to Remand opposes Plaintiffs' Motion to Remand but does not oppose the request for a rehearing. Dkt. No. 22.

[4] Because the In-State Defendants were signatories to the Defendants' Reply to Plaintiffs' Motion for Rehearing on Plaintiffs' Motion to Remand, they will not be afforded an opportunity to respond at this time. Dkt. No. 22.

Federal subject-matter jurisdiction is asserted in this case under 28 U.S.C. § 1332 — diversity jurisdiction. Dkt. No. 3, at 4. For diversity jurisdiction to exist, the case must involve citizens of different states and a matter which exceeds $75,000 in value, exclusive of interest and costs. 28 U.S.C. § 1332. For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it maintains its principal place of business. *Id.* at § 1332(c)(1). This diversity of citizenship must be complete — meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See* Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)).

To establish complete diversity, Defendants must show that the citizenship of each Defendant is diverse from the citizenship of each Plaintiff. *See Whalen*, 954 F.2d at 1094. Furthermore, no Defendant may be a resident of the forum state — in this case Texas — for removal to federal court to be proper. 28 U.S.C. § 1441(b).

Defendants, as the removing parties, bear the burden of establishing that federal subject matter jurisdiction exists.

### IV. Analysis

Plaintiffs were granted leave to file a First Amended Original Complaint on March 1, 2006. Dkt. No. 16. The complaint was filed the next day. Dkt. No. 19. In addition to retaining all of the allegations against Penn Octane Corporation ("Penn Corp."), the new complaint also adds an allegation against the In-State Defendants. *Id.* at 5–6. Plaintiffs offer no arguments that the Court should reconsider its previous holding regarding the original allegations against the In-State Defendants. *See* Dkt. No. 10. Therefore, the Court will not reconsider the original allegations, but will only consider what impact, if any, Plaintiffs' new allegation has on the propriety of joining the In-State Defendants as parties to this action.

Plaintiffs allege that the In-State Defendants "failed to properly odorize the liquified propane." *Id.* at 5; *see also* Dkt. No. 19, at 4–5. Plaintiffs claim that this failure amounts to negligence and/or gross negligence, thereby making the In-State Defendants liable for Plaintiffs' injuries. Dkt. No. 10, at 6; Dkt. No. 19, at 4–5.

In Texas, a cause of action for negligence contains three elements: existence of a legal duty, breach of that duty, and damages proximately caused by the breach.  *See* IHS Cedars Treatment Ctr. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); Guerra v. Regions Bank, No. 12-05-00129-CV, 2006 WL 475304, *2 (Tex. App. Feb. 28, 2006). Plaintiffs must establish the presence of all three elements in order to successfully state a claim.  In this case, Plaintiffs allege that the In-State Defendants had a duty to odorize the propane under Texas statutory and common law, that these Defendants failed to sufficiently odorize the propane, that the Plaintiffs sustained damages, and that the failure to odorize the propane caused those damages.  Dkt. No. 19, at 4–5.  Thus, the Plaintiffs have at least plead allegations which are sufficient under a "Rule 12(b)(6)-type analysis."[5]  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

In their response to Plaintiffs' motion, the Defendants attack the causation element of Plaintiffs' claim.  Dkt. No. 22, at 3.  Defendants aver that Plaintiffs' own exhibits demonstrate that any lack of malodorant could not have caused Plaintiffs' injuries.  *Id.*  Defendants therefore argue that the Plaintiffs have again failed to state a cause of action against the In-State Defendants and that this Court should retain jurisdiction over this case.  *Id.*

Under Texas law, there are two separate requirements for finding that a defendant was the proximate cause of a plaintiff's injuries: defendant's action must be a "cause-in-fact" of the plaintiff's injury and that action must not be too far attenuated from the injuries sustained (foreseeability).  *Mason*, 143 S.W.3d at 798; Providence Health Ctr. v. Dowell, 167 S.W.3d 48, 53 (Tex. App. 2005).  Cause-in-fact is established by the "substantial factor" test, which states that a defendant's action causes the plaintiff's injuries if the defendant's action was a substantial factor in bringing about the plaintiff's injuries.  *Mason*, 143 S.W.3d at 799; *Dowell*, 167 S.W.3d at 53.  If the defendant's action constitutes a substantial factor for producing the plaintiff's injury, the Court must then make a policy determination regarding whether defendant's action is so far removed from the injuries sustained that liability should be cut off.  *Dowell*, 167 S.W.3d

---

[5]For a discussion of the test for improper joinder, see Dkt. No. 9, at 4–5.

at 54–56.  If so, then the defendant will not be found liable for the plaintiff's damages.  *Id.*

In this case, Plaintiffs contend that they would have been able to avoid their injuries if the propane had been properly odorized.  Dkt. No. 10, at 7; Dkt. No. 19, at 5.  Plaintiffs allege that there was a delay, possibly of a half an hour, between the collision involving the truck and the train and the resulting explosion.  Dkt. No. 10, at 7; Dkt. No. 10, Ex. D.  Plaintiffs further allege that, had the propane been properly odorized, they would have recognized the danger and escaped prior to the explosion.  Dkt. No. 10, at 7.  Plaintiffs therefore conclude that the failure to odorize the propane caused their injuries.  *Id.*; Dkt. No. 19, at 5.

The Court agrees that, if the facts occurred as Plaintiffs have alleged, Plaintiffs have successfully alleged the causation element of a negligence claim.  Dkt. No. 19, at 5.  If there was a delay between the collision and the explosion,[6] then Plaintiffs may have recognized the smell of the malodorant, realized there was danger, and fled the area.  Therefore, the Court finds that Plaintiffs' claim survives the test for improper joinder, at least insofar as the causation element is concerned.[7]

The Court also finds that the Plaintiffs have met the requirements for alleging a

---

[6]Defendants contest the allegation that there was a delay between the collision and the explosion.  Dkt. No. 22, at 3.  The problem with this argument is that, when determining whether the Plaintiffs have engaged in improper joinder, the Court only engages in a "Rule 12(b)(6)-type analysis."  *Smallwood*, 385 F.3d at 573.  Plaintiffs have alleged that there was a delay and have produced at least some evidence of such a delay.  Dkt. No. 10, at 7; Dkt. No. 10, Ex. D.  This is sufficient to show that the joinder of the In-State Defendants was not improper.

[7]The Court wishes to make clear that it is not finding that Defendants' conduct caused Plaintiffs' injuries.  Plaintiffs have numerous hurdles left to clear before any Court will be able to make that finding.  For example, Plaintiffs must prove, *inter alia*, that there was a delay of sufficient duration to allow them to escape, that they would have recognized the smell, known what it meant and been aware of the need to flee, and that the failure to odorize was not too attenuated to fail the cut off test.  Thus, the Court is finding that Plaintiffs have made sufficient allegations to show a reasonable possibility of establishing the causation element and therefore survive the test for improper joinder, not that Plaintiffs have proved the element of causation.

breach of duty and damages.  Plaintiffs clearly allege that, assuming the In-State Defendants had a duty to odorize the propane, the Defendants breached that duty to odorize.  *Id.* at 4–5.  In addition, Plaintiffs clearly allege the damages they claim were sustained.  *Id.* at 6–10.

Finally, the Court finds that Plaintiffs have adduced sufficient evidence that the In-State Defendants had a duty to odorize.  *Id.* at 5.  Plaintiffs assert that the In-State Defendants had a duty to odorize the propane under Texas statutory and common law.  *Id.* at 5.  In and of itself, this allegation is insufficient, because Texas law cannot directly create a duty in this case.[8]  16 TEX. ADMIN. CODE § 9.114 (Vernon's 2005).  Instead, the question of whether Defendants had a duty to odorize is controlled by Mexican law.  *Id.*

Plaintiffs' cause of action is not, however, defeated by their failure to allege a duty under Mexican law.  *See, e.g.*, Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 355, 357 (Tex. App. 2003).  "In the absence of proper invocation of foreign law, Texas courts must presume the foreign law to be the same as that of Texas."  Country Cupboard, Inc. v. Texstar Corp., 570 S.W.2d 70, 72 (Tex. Civ. App. 1978); *see also* Gevinson v. Manhattan Constr. Co., 449 S.W.2d 458, 465 n.2 (Tex. 1969); Pellow v. Cade, 990 S.W.2d 307, 312–13 (Tex. App. 1999); Milner v. Schaefer, 211 S.W.2d 600, 603 (Tex. Civ. App. 1948).  In this method, Texas law creates a duty through *indirect* means — by presuming that foreign law imposes the same duties as Texas law.  Because Plaintiffs allege that Texas law imposed a duty to odorize, Defendants have failed to invoke Mexican law, and Mexican law is therefore presumed to be the same as Texas law, Plaintiffs' allegations sufficiently demonstrate that Mexican law imposed a duty on the Defendants to odorize.  The In-State Defendants were not improperly joined.

---

[8]The parties agree that the propane was shipped to Mexico by pipeline, where it was loaded into the tanker-truck.  Dkt. No. 19, at 3; Dkt. No. 22, at 2 n.1.  Texas law does not require propane to be odorized until it is transferred from the pipe to the truck.  16 TEX. ADMIN. CODE § 9.114.  Because the relevant conduct occurred outside of the State of Texas, Texas law placed no duty on the In-State Defendants.  *Id.*  Thus, Texas does not directly pose a duty on the Defendants; instead, any expressly created duty would have to be imposed by Mexican law.  *See also* TEX. R. EVID. 203 (2005); Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V., 49 S.W.3d 347, 351 (Tex. 2001); Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 355, 357 (Tex. App. 2003).

## V.     Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion for Rehearing on Plaintiffs' Motion to Remand.  Dkt. No. 10.  The Court therefore **VACATES** its Opinion & Order of February 15, 2006.  Dkt. No. 9.

Furthermore, the Court **GRANTS** Plaintiffs' Motion to Remand and **ORDERS** that this case be remanded to the 107th Judicial District, Cameron County, Texas.  Dkt. No. 7.

DONE at Brownsville, Texas, this 2nd day of May, 2006.

Hilda G. Tagle
United States District Judge